IN RE DISQUALIFICATION OF ALSPACH.

IN RE ARMENGAU.

[Cite as *In re Disqualification of Alspach,*
105 Ohio St.3d 1232, 2004-Ohio-7353.]

(No. 04–AP–049—Decided June 3, 2004.)

MOYER, C.J.

{¶ 1} Attorney-affiant Javier Armengau has filed an affidavit with the Clerk of this court under R.C. 2701.03 seeking the disqualification of Judge Deborah Alspach from acting on any further proceedings in any case in the Marion County Family Court in which affiant is counsel of record.

{¶ 2} In March 2003, Judge Alspach barred affiant from filing new cases in the Marion County Family Court, citing his "persistent requests for continuances on many of his Domestic cases and his reluctance to acknowledge that this may be as a result of the management of his practice." The judge relied in her ruling on Sup.R. 41(C), which allows an administrative judge to impose restrictions "on the number of cases in which [an] attorney may participate at any one time" after the attorney has "persistently request[ed] continuances and extensions" and has "cause[d] undue delay in the disposition" of cases.

{¶ 3} According to affiant, the judge "despises" him and has shown "malice" toward him. Affiant asked the judge in April 2004 to lift the March 2003 order banning him from filing new cases in the court, but the judge has not done so. Also, since the filing of the no-new-cases order in March 2003, the judge has found affiant in contempt for failing to appear at a hearing in the one case in which he has continued to participate in the judge's court.

{¶ 4} Affiant states in his affidavit that he would now like to file a new case in the Family Court in Marion County, but the judge's order prevents him from doing so. Affiant asks in his affidavit filed here that Judge Alspach be disqualified from any case in which he is the counsel of record, and he also asks that the judge's order barring him from filing new cases in the Family Court be vacated.

{¶ 5} Judge Alspach has responded to the affidavit, and she has stated in her response that she is not biased or prejudiced against affiant. Rather, according to the judge, her actions have been motivated by her interest in resolving the cases in her court in a timely way.

{¶ 6} I conclude that the request for disqualification should be denied. To be sure, both Judge Alspach and affiant appear to be quite frustrated by the situation, and certainly a ban without end on affiant's ability to file cases in a single court of this state is untenable. The situation is one of affiant's own making, though, as is the resolution of it. It appears that the judge is willing to permit affiant to return to her courtroom if he offers appropriate assurances that he will meet filing deadlines, avoid delaying tactics, and appear at scheduled court hearings. The judge's demand that attorneys honor time commitments in her court is not unreasonable, and as long as she provides affiant with an opportunity to convince her that he can and will do so, I have no reason to conclude that the judge will not manage affiant's cases fairly and impartially.

{¶ 7} Sup.R. 41(C) does not contain any time limit on the restrictions that trial judges may impose on attorneys who repeatedly seek continuances. Still, though the right to practice law is not a fundamental right, see *Russell v. Hug* (C.A.9, 2002), 275 F.3d 812, 819, fn. 5, Judge Alspach should permit affiant to file matters in the Family Court of Marion County when he complies with scheduling orders.

{¶ 8} I conclude that Judge Alspach has not displayed bias or prejudice as those terms are understood in this state.

{¶ 9} For the reasons stated above, the affidavit of disqualification is denied.